UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| KEVIN EDWARD CRESS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:23-CV-115-TAV-JEM |
| | ) | |
| C.O. LAFORCE, | ) | |
| C.O. BROCKWELL, | ) | |
| JAILER MYERS, | ) | |
| JAILER PUNDY, and | ) | |
| SGT. DALLIS HILTON, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, an inmate proceeding pro se, has filed a motion for leave to proceed *in forma pauperis* [Doc. 5] in a civil rights action under 42 U.S.C. § 1983 [Doc. 1]. For the reasons set forth below, Plaintiff's motion will be granted, and this action will be dismissed as frivolous.

## I. MOTION TO PROCEED *IN FORMA PAUPERIS*

It appears from Plaintiff's motion that he lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, this motion [Doc. 5] is **GRANTED**.

Plaintiff is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902 as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's

inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b) (1) (A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account is directed to submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Clerk is also **DIRECTED** to furnish a copy of this Order to the Court's financial deputy. This Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. ALLEGATIONS OF COMPLAINT

Plaintiff was arrested on May 3, 2020, following a car wreck and was beaten by "road cops" outside of the Lenoir City Hospital before he was taken to the Lenoir County Jail [Doc. 1 p. 12]. Plaintiff was arrested again on July 14, 2020, by Officers Laforce and Brockwell [*Id.*]. During the July 14th arrest, Officer Brockwell handcuffed Plaintiff before he "planted his right knee in [Plaintiff's] left ribs," and Plaintiff's pacemaker had to restart his heart [*Id.*].

Plaintiff was again arrested on October 7, 2021, and he remained in the Lenoir County Jail until February 18, 2022[1] [*Id.*]. On or about October 14, 2021, Officers Brockwell and Myers drug Plaintiff from a shower and threw him naked into a cell [*Id.* at 10, 12]. Plaintiff developed a staph infection in his arm and received surgery at the Lenoir City Hospital five days later [*Id.* at 10, 12].

Aggrieved by the excessive force alleged in his Complaint, Plaintiff reported the events to the Federal Bureau of Investigation and the Tennessee Bureau of Investigation [*Id.* at 13]. By way of § 1983 relief, he asks the Court to order everyone involved criminally charged, pay his medical bills, and award him monetary damages [*Id.* at 8].

## III. SCREENING OF COMPLAINT

### A. Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.*, 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure.

[1] Plaintiff states that he remained in the Lenoir City Jail until February 18, 2021, but the Court assumes for present purposes that Plaintiff made a scrivener's error concerning the year [*See* Doc. 1 p. 12].

*Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. 42 U.S.C. § 1983; *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

Formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a claim upon which relief may be granted. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings filed in civil rights cases and hold them to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

**B. Analysis**

It appears from the face of Plaintiff's Complaint that it is untimely. Because § 1983 does not contain its own limitations period, this Court must apply Tennessee's statute of limitations for personal injury actions to Plaintiff's § 1983 claims. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Tennessee, that period is one year. *See Tenn. Code Ann.*

§ 28-3-104; *Foster v. State*, 150 S.W.3d 166, 168 (Tenn. Ct. App. 2004) (applying the one-year statute of limitations from Tenn. Code Ann. § 28-3-104 in a § 1983 claim). When the statute begins to run, however, is an issue of federal law. *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007) (citations omitted). Under federal law, a cause of action accrues, and the limitations period begins to run, when the injury forming the basis of the claim is discoverable, *see Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991) (citing *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984)), or when the cause of action is complete, *Dibrell v. City of Knoxville, Tenn.*, 984 F.3d 1156, 1162 (6th Cir. 2021) (acknowledging that the "standard" rule starting limitations period is "when the plaintiff has a complete and present cause of action").

Plaintiff's Complaint complains of conduct occurring on three dates between May 3, 2020, and October 2021 [*See, generally*, Doc. 1]. Plaintiff's claims of excessive force were discoverable and complete when each alleged act of brutality and denial of medical treatment occurred, and the extent of Plaintiff's injuries as a result of the final incident occurring on October 14, 2021, was discoverable and complete when Plaintiff received surgery five days later. However, Plaintiff did not file the instant suit until, at earliest, February 26[2], 2023, which is well past the expiration of the one-year limitations

[2] Plaintiff signed his Complaint form on February 24, 2023 [Doc. 1 p. 11] but signed his handwritten addendum on February 26, 2023 [*Id*. at 13]. A prisoner's petition is deemed "filed" when it is submitted to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 273 (1988) (holding pro se prisoner's notice of appeal filed at moment of delivery to prison authorities for forwarding to district court). Therefore, the Court assumes Plaintiff delivered his Complaint for mailing on the date he added additional allegations to the Complaint form.

period for each unconstitutional act alleged in the Complaint. Therefore, this case must be dismissed as frivolous. *See In re Royal Manor Mgmt., Inc*., 652 F. App'x 330, 339-40 (6th Cir. 2016) (noting that "courts have no authority" to modify "statute-of-limitations deadlines"); *Castillo v. Grogan*, 52 F. App'x 750, 751 (6th Cir. 2002) ("When a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, sua sponte dismissal of the complaint as frivolous is appropriate.") (citation omitted).

## IV. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 5] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set for above;

4. This action will be **DISMISSED** as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b); and

5. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE